IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MATTHEW CONNOLLY, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> DEUTSCHE BANK AG, ) <br> ) <br> *Defendant*. ) | Case No. 22-cv-9811 (JMF) |

**UNITED STATES' MOTION TO INTERVENE FOR A LIMITED PURPOSE AND SIMULTANEOUS MOTION TO MAINTAIN THE UNREDACTED AMENDED COMPLAINT UNDER SEAL**

The United States respectfully moves to intervene in this matter for the limited purpose of simultaneously moving to maintain the unredacted Amended Complaint under seal. The government is grateful for the opportunity afforded by the Court's invitation to file this motion, ECF No. 25, and now does so because (1) Plaintiff Matthew Connolly's civil counsel seems to have obtained and used grand jury transcripts (and perhaps other discovery) in violation of a protective order entered by Judge McMahon in *United States v. Connolly, et al.*, No. 16-cr-370-CM (S.D.N.Y.) (hereinafter "the Criminal Case"); and (2) Mr. Connolly has not made, and may not be able to make, a "strong showing of particularized need" for grand jury materials for use in this civil case, *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 434 (1983), by petitioning for disclosure as required by Federal Rule of Criminal Procedure 6(e)(3)(F). Further, the government respectfully urges the court to order Mr. Connolly and his civil counsel to sequester *all* documents—whether or not they are grand jury documents—subject to the protective order, and

to refrain from using such documents, until the government has had an opportunity to raise the apparent violation of the protective order with Judge McMahon.

## BACKGROUND

Both before and during trial in the Criminal Case, the government produced to Mr. Connolly and his criminal defense counsel Rule 16, *Brady*/*Giglio*, Jencks Act, and other materials from the investigation, including grand jury transcripts and many millions of confidential business documents collected from Deutsche Bank and myriad third parties. Due to the sensitive nature of those documents, in 2016 Judge McMahon endorsed an agreed-upon protective order governing their handling and use. *Connolly*, No. 16-cr-370-CM, ECF No. 34 (attached to this motion as Exhibit A). The order states that "[a]ll documents (and the information contained therein) disclosed by the Government in discovery and otherwise . . . shall be used by the defendant, his defense counsel, and defense counsel's agents, *only for the purposes of, and the pursuit of any appeals in, this criminal action*." Ex. A ¶ 1 (emphasis added). The order also requires all of the documents to be "returned to the Government or destroyed following the conclusion of this case, including after all appeals have been exhausted, together with any and all copies thereof, to the best of Defense Counsel's ability." *Id.* ¶ 2(c). After the Second Circuit overturned the verdict against Mr. Connolly, *United States v. Connolly*, 24 F.4th 821, 843 (2d Cir. 2022), the government did not press any further appeals and the time to do so has now expired. Therefore, the Criminal Case has concluded.

At no time, between the entry of the protective order in 2016 and the present, did Judge McMahon rescind or amend the protective order, and there is no indication that Mr. Connolly's civil counsel (or anyone else, as far as the government is aware) petitioned for disclosure of grand jury materials. On February 8, 2023, however, the government received an email from

Mr. Connolly's civil counsel in this case attaching the Amended Complaint, which, as the Court knows, contains extensive quotes from the grand jury testimony in the Criminal Case. The government responded on February 10 to inquire of Mr. Connolly's civil counsel as to the source of the grand jury materials they had obtained and to advise them that their possession and use in this case of those materials appear to violate the protective order (a copy of which the government attached to its responsive email). Mr. Connolly's civil counsel replied but did not explain the source of the grand jury materials or otherwise address the apparent violation of Judge McMahon's protective order.[1]

## MOTION TO INTERVENE FOR A LIMITED PURPOSE

Federal Rule of Civil Procedure 24(a) provides for intervention of right. "To prevail on a motion for intervention as of right, a movant must '(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Payne v. City of N.Y.*, 27 F.4th 792, 799 (2d Cir. 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). Here, all four elements are satisfied: (1) the government files this motion to intervene at the Court's invitation and by the date set by the Court; (2) the government has an interest in protecting the dissemination and use of documents—some of which are additionally shielded by grand jury secrecy—generated by its investigation and produced in the Criminal Case; (3) an apparent violation in this case of Judge

---

[1] To be sure, Mr. Connolly's civil counsel did point to the last sentence of ¶ 4 of Judge McMahon's order ("Notwithstanding anything herein to the contrary, the Government bears the burden of establishing a good cause basis for materials to continue to be protected pursuant to this Order.") to justify his possession and use of the protected documents in this case. Paragraph 4 of the protective order relates to the procedure for the defendants in the Criminal Case to challenge confidentiality designations; it is completely unrelated to the issues raised by the government here.

McMahon's protective order and Rule 6(e) is an obvious impairment of that interest; and (4) neither Mr. Connolly nor Deutsche Bank has an equal interest to the government in protecting documents that do not belong to either of them. Therefore, the government should be permitted to intervene for the limited purpose of protecting that interest.[2]

### MOTION TO MAINTAIN UNREDACTED AMENDED COMPLAINT UNDER SEAL

The grand jury transcript excerpts contained in the Amended Complaint should remain under seal because they appear likely to have been obtained and used in violation of Judge McMahon's protective order in the Criminal Case. The protective order is clear that use of documents produced by the government in the Criminal Case were only to be used to defend that case, Ex. A ¶ 1, and they were to be destroyed or returned at the conclusion of the Criminal Case, *id.* ¶ 2(c). Mr. Connolly was not free, once he was in possession of the government's documents, to distribute and use them as he saw fit.

And for good reason. Mr. Connolly's criminal counsel assented to, and Judge McMahon endorsed, a protective order in which the government agreed to provide broad discovery—which contained secret grand jury material *and* third-party documents with confidential information—in exchange for the defense's agreement to limit use to the criminal case. Allowing Mr. Connolly to use criminal discovery in furtherance of a civil action—if that is what is happening, as it appears—would remove a benefit for which the government bargained: the ability to prevent unnecessary dissemination of secret or confidential documents and information obtained through its investigation. Without that ability, the government's future efforts to provide confidentiality assurances to reluctant witnesses would be undermined. Thus, the potential implications of a

---

[2] Based on representations from counsel, Plaintiff Connolly takes no position on the government's motion to intervene and Defendant Deutsche Bank does not oppose the motion to intervene.

4

possible violation of the protective order extend well beyond the already substantial issue of a breach of grand jury secrecy.

This is an issue that has arisen in other cases. For example, in *United States v. Usher et al.*, No. 17-cr-19-RMB (S.D.N.Y.), the defendants were charged with criminal antitrust violations and received documents from the government pursuant to a protective order. The defendants were acquitted by the jury, but instead of returning or destroying the documents the defendants sought to keep them for use in subsequent civil proceedings. Although it may have been convenient for the defendants to retain the documents, the Court nevertheless ordered the defendants to comply with the protective order by destroying or returning them. *See United States v. Usher et al.*, No. 17-cr-19-RMB (S.D.N.Y.), ECF No. 255.

Moreover, Mr. Connolly's possession and use of grand jury transcripts produced pursuant to the protective order compounds the problem. Not only does it threaten the sanctity of the Judge McMahon's order, but also it subverts the secrecy of grand jury proceedings. While secrecy concerns may lessen over time, they do not disappear even after the grand jury at issue as concluded its operations. *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Indeed, Judge McMahon herself was meticulous in her redaction of grand jury materials in the Criminal Case years after the indictment had been returned. *See, e.g.*, *United States v. Connolly*, 16-cr-370-CM, ECF No. 434 ("ORDER as to Matthew Connolly, Gavin Campbell Black. Simultaneously with the entry of this order, the court is posting on ECF redacted versions of decisions denying all post-trial motions. The redactions relate to grand jury testimony and to material filed under seal.").

The fact that Mr. Connolly already possesses the grand jury transcripts—even assuming lawful possession—does not give him license to use them as part of a civil matter without

judicial authorization. In *Sells Engineering*, the Supreme Court held that government attorneys who came into possession of grand jury material through a criminal case were required to obtain a court order before using that information in a civil case. 463 U.S. at 446. The Court's opinion indicated that the potential harms occasioned by disclosure of grand jury material to federal civil attorneys are similar to the harms occasioned by disclosure to private practice attorneys. *Id.* at 432-33 (discussing policy rationale for the requirement of a particularized need showing) and 435 ("the policies of Rule 6 require that any disclosure to attorneys other than prosecutors be judicially supervised rather than automatic").

For that reason, it is important to maintain a degree of formality that requires someone seeking access to go through the petition process contemplated by Rule 6(e) and demonstrate that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structed to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. Thus far, Mr. Connolly evidently has not filed a Rule 6(e) petition or provided any indication that he has met or would be able to meet the standard set forth in *Douglas Oil*. And it is insufficient for him to ask the Court simply to assume that he could merely because the Criminal Case is over.[3]

## CONCLUSION

For the foregoing reasons, the Court should grant the government's motion to intervene and the government's motion to maintain the unredacted Amended Complaint under seal until such time as the protective order and any Rule 6(e) issues are resolved. Furthermore, the

---

[3] Based on representations from counsel, Plaintiff Connolly opposes the government's motion to maintain under seal and Defendant Deutsche Bank takes no position.

government respectfully urges the Court to instruct Mr. Connolly to sequester and refrain from using any materials from the Criminal Case until that time.

Dated: February 14, 2023                                             Respectfully Submitted,

                                                                /s/ Michael T. Koenig
                                                               MICHAEL T. KOENIG
                                                               Senior Litigation Counsel
                                                               Antitrust Division
                                                               United States Department of Justice
                                                               450 Fifth St. N.W.
                                                               Washington, D.C. 20530
                                                               Tel: (202) 476-0435
                                                               Email: Michael.Koenig@usdoj.gov