# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number | E-mail Address
+1-212-455-3539 | jyoungwood@stblaw.com

February 21, 2023

Re:   *Connolly v. Deutsche Bank AG*, 22-CV-9811-JMF

Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Judge Furman:

      I write in accordance with Individual Rules 2(E) and 4(A) on behalf of Defendant, Deutsche Bank AG ("Deutsche Bank"), in the above-captioned case.

      The Court held on February 15, 2023 (ECF No. 29) that "[u]less and until [Judge Furman] or Judge McMahon orders otherwise, Plaintiff and his counsel shall sequester and refrain from using any materials subject to the protective order in the criminal case," *United States v. Connolly, et al.*, 16-CR-370-CM, (the "Grand Jury Materials").

      The currently-filed Amended Complaint (ECF Nos. 23-24) includes portions quoting or referencing the Grand Jury Materials. Under the current schedule, Deutsche Bank is required to respond to the Amended Complaint by February 27, 2023, by either filing an answer, filing a new motion to dismiss, or filing a letter on ECF stating that it relies on the previously filed motion to dismiss. *See* Order (ECF. No. 21). Any response at this time would require Deutsche Bank to consider and respond to the Grand Jury Materials—which the Court has ordered shall not be used and to which Deutsche Bank does not have access beyond what Plaintiff has elected to include in his Amended Complaint (which could be inaccurately or selectively quoted, among other things, though Deutsche Bank has no way of knowing, one way or the other).

      Accordingly, Deutsche Bank respectfully requests that the Court hold the briefing schedule with respect to the currently-filed Amended Complaint (ECF No. 23-24) in abeyance, pending resolution of the protective order / Rule 6(e) issues. In the alternative, Deutsche Bank requests that the Court strike the portions of the currently-filed Amended Complaint that cite, reference, or incorporate any materials subject to the protective order in the criminal case and order that the resulting redacted version of the Amended Complaint be considered the operative complaint to which Deutsche Bank will respond.

Simpson Thacher & Bartlett LLP

Hon. Jesse M. Furman                                            -2-

In further support, Deutsche Bank states as follows:

**Background**

On February 6, 2023, Plaintiff filed his Amended Complaint (ECF No. 23) in the above-captioned case. Concurrent with his filing of the Amended Complaint, he moved by letter-motion to request leave to redact portions of the Amended Complaint relating to testimony and exhibits from the grand jury proceedings in the criminal case captioned *United States v. Connolly, et al.*, 16-CR-370-CM. *See* Pl.'s Feb. 6, 2023 Letter-Mot. (ECF No. 22).

The next day, the Court instructed Plaintiff to "serve a copy of [its court-]endorsed letter and a copy of the Amended Complaint with proposed redactions highlighted on counsel for the Government in the underlying criminal case" to afford the Department of Justice an opportunity to be heard on the issue of maintaining those portions of the Amended Complaint under seal. Feb. 7, 2023 Order (ECF No. 25).

On February 14, the Government moved to intervene in an effort to maintain the unredacted Amended Complaint under seal and to prevent the unauthorized "dissemination and use of documents . . . generated by its investigation and produced in the [criminal proceedings]." *See* United States' Mot. to Intervene (ECF No. 28) at 1, 3–6. It further asked the Court "to order Mr. Connolly and his civil counsel to sequester *all* documents . . . subject to the protective order, and to refrain from using such documents, until the government has had an opportunity to raise the apparent violation of the protective order with Judge McMahon." *Id.* 1–2 (emphasis in original). The Court granted the Government's motion the following day, and further ordered that, "[u]nless and until the undersigned or Judge McMahon orders otherwise, Plaintiff and his counsel shall sequester and refrain from using any materials subject to the protective order in the criminal case. The Government should, in the meantime, promptly seek any appropriate relief from Judge McMahon." Feb. 15, 2023 Order (ECF No. 29) at 1–2.

On February 17, the Government moved Judge McMahon to "order Mr. Connolly and his Civil Counsel, by February 24, to identify any material within their possession that is subject to the Court's protective order and certify destruction of that material." *United States v. Connolly, et al.*, 16-CR-370-CM (ECF No. 486) at 1. "In the event that Mr. Connolly seeks to use grand jury information as part of his civil case," the Government added, it "respectfully submits that he should file a petition under Fed. R. Crim. P. 6(e)(3)(E) and make a showing of 'particularized need' . . . ." *Id.* at 4. The Government's motion before Judge McMahon remains pending.

**Reason for Relief**

The Court has broad discretion to modify a case schedule for "good cause." *See* Fed. R. Civ. P. 6(b)(1)(A). "'Good cause' is usually not difficult to show, and 'an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Rankin v.*

Hon. Jesse M. Furman                                             -3-

*City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (quoting 4B C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1165 (3d ed. 2012)).

The Court's ruling on February 15, 2023 (ECF No. 29) does not presently permit Plaintiff to use the Grand Jury Materials contained within their Amended Complaint—the permissible use of such materials is being actively litigated. Holding the briefing scheduled in abeyance until the resolution of that dispute is necessary to (i) avoid potentially wasteful and duplicative briefing of a motion to dismiss or drafting of an answer; and (ii) undue prejudice to Deutsche Bank, which would be required to respond to materials that, at present, are protected by judicial order and to which Deutsche Bank does not have access beyond the limited excerpts in the Amended Complaint. In the alternative, the Court may strike the portions of the Amended Complaint that cite, reference, or incorporate the Grand Jury Materials, and Deutsche Bank will respond to the resulting redacted Amended Complaint.

**The Parties' Positions**

Deutsche Bank contacted counsel for the Plaintiff and the Government on February 17 to inform them of this letter-motion and request their concurrence. Counsel for Plaintiff replied on the evening of February 19, stating that they were opposed to the requested relief but would not oppose a "short extension." Plaintiff's proffered reasons for opposing Deutsche Bank's request were that the Court's decision to prohibit the use of the Grand Jury Materials at this time was wrong. See attached email, which Plaintiff requested we attach to this letter-motion. Counsel for the Government confirmed that they do not oppose the relief Deutsche Bank seeks, for the reasons stated in its filings at ECF Nos. 485 & 486 in *United States v. Connolly*, 16-cr-370-CM. The Government respectfully submits that the Plaintiff should not be in possession of grand jury transcripts and, by extension, should not be using grand jury transcripts as part of a civil case.

There have been no prior requests for extension, and the parties are currently not scheduled to appear before the Court.

Respectfully,

/ s / Jonathan K. Youngwood

Jonathan K. Youngwood

Application GRANTED. The briefing schedule for the motion to dismiss, see ECF No. 21, is hereby held in abeyance until this Court issues a decision regarding the sealing issue. The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

February 22, 2023