UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

- v. -

MATTHEW CONNOLLY, and
GAVIN CAMPBELL BLACK,

                Defendants.

------------------------------------------------------------x

S1 16 CR 370 (CM)
(Also file in case 22 CV 9811 (JMF))

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2023

## DECISION AND ORDER ON GOVERNMENT'S MOTION TO ENFORCE PROTECTIVE ORDER

McMahon, J.:

The government has written two letters to the Court (ECF Nos. 485 & 486) to apprise the Court that grand jury transcripts produced to Matthew Connolly's defense counsel in the now-closed criminal action before this court were disclosed to, and used by, Mr. Connolly's civil counsel in a new civil action charging Connolly's former employer, Deutsche Bank, with malicious prosecution. That case is currently pending before my colleague, Judge Furman. *See Connolly v. Deutsche Bank AG*, No. 22-cv-9811-JMF (S.D.N.Y.). The Government contends that the disclosure and use of these transcripts in the civil case violates the protective order entered by this Court in the criminal matter. *See Protective Order*, ECF No. 34.[1] The Government asks that this Court order Mr. Connolly and his Civil Counsel to identify any material within their

---

[1] Gavin Black, Mr. Connolly's co-defendant, filed a similar civil action in New York State Supreme Court against Deutsche Bank and several of the government's cooperating witnesses. Seth Levine and Scott Klugman of Levine Lee LLP, who represent Mr. Black in this criminal case, also represent Mr. Black in that case. ECF No. 486 at 2, n.4. According to the Government, Black's counsel has represented that they are in the process of complying with the protective order's return/destroy provision (¶ 2(c)). They further stated that they did not share any protected documents with anyone outside their criminal defense team. ECF No. 486 at 3. While I have not been asked for any relief in connection with Mr. Black's action, the sentiments expressed in this opinion apply equally to any effort by the Government to stop Mr. Black from using grand jury materials from the criminal case in connection with that action.

1

possession that is subject to the Court's protective order and certify that it has been or is being destroyed.

I do not share the Government's outrage at Mr. Connolly's violation of the protective order that was entered in the criminal case. I agree with the Government about one thing (and one thing only)—the better course would have been for the attorneys for Mr. Connolly to approach this Court with a request to relieve Mr. Connolly from the protective order. However, the civil case attorneys do not appear to have been aware of the protective order or its provisions; they were not involved in the criminal case and so were not subject to the order; and in a letter dated February 24, 2023 (Dkt. # 488), they credibly advised the court that they were unaware of the order's existence. Since criminal defendants like Mr. Connolly—unlike the Government and its allies or court personnel and grand jurors themselves—are not bound by grand jury secrecy under Fed. R. Civ. P. 6(e),[2] those attorneys appear to have concluded, in absolute good faith, that there was nothing wrong with using the grand jury transcript, or other grand jury materials, that were given to them by their client, in order to craft their complaint and respond to Deutsche Bank's motion to dismiss on the ground that the grand jury had probable cause to indict. Absent the protective order (of which they were unaware), they would have been correct in so concluding.

In any event, I am not a big fan of these wholesale protective orders, whether in civil or criminal cases. I signed the protective order because the Government refused to turn over discovery materials in its absence and the defense, in order to move the case along, agreed to it—

---

[2]   As I read Fed. R. Crim. P. 6(e)(2)(B)), no obligation of secrecy is imposed on a *defendant* who obtains grand jury materials—only on attorneys for the Government and for the various regulators to whom disclosure is authorized under 18 U.S.C. §3322, as well as court personnel and the grand jurors themselves. Moreover, pursuant to Rule 6(e)(2)(A), "No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Since Rule 6(e)(2)(B) does not impose an obligation of secrecy on the defendant, it might even be arguable that even a protective order freely signed cannot impose on a criminal defendant any obligation to keep grand jury material secret in violation of that Rule. Fortunately, I don't need to get into that in order to rule on the Government's motion.

not because I personally believed a protective order was necessary in this case. And while the protective order does indeed call for the destruction of all materials turned over by the Government at the close of the case, I cannot help but observe that practically everything in the grand jury transcript that Mr. Connolly provided to his new lawyers was publicly disclosed during the criminal trial, so destroying it would have done nothing to keep it secret.[3] As a result, there is really no reason, either for continued grand jury secrecy, or for me to enforce any provision of the protective order that either compelled Mr. Connolly to destroy this material or barred its subsequent use.[4]

Mr. Connolly needs to respond to Deutsche Bank's motion to dismiss the indictment by showing that the grand jury lacked probable cause to indict him. Given the presumption of probable cause that attached upon his indictment, the only way one can rebut that argument (assuming *arguendo* that he can, which is another matter entirely) is with reference to the material that was placed before the grand jury, testimonial or otherwise. The transcripts and related exhibits are highly relevant to the prosecution of Mr. Connolly's civil lawsuit.

As outlined in Mr. Connolly's letter of February 24, 2023, opposing the Government's motion and asking the court to dissolve the protective order (Dkt. #488), there is no policy reason to keep the grand jury materials secret. The reasons identified by the Second Circuit for grand jury secrecy are: (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure

---

[3] I can attest to this because, as a result of the *Kastigar* motion brought by Mr. Black, I became intimately familiar with the contents of the grand jury testimony.

[4] Of course, I am always fighting the last war; but in the future I may well not sign protective orders that commit the parties to the wholesale destruction of all materials turned over in the course of a criminal matter – including material that became public during the course of the case. I might follow the procedure I have long used in civil matters and sign only protective orders that require the parties to demonstrate why specific material turned over pursuant thereto should remain confidential following the conclusion of the case. If the Government balks at turning over documents under such limitations, I might have to consider what remedies as against the Government would be appropriate.

the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial or those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is exonerated [by the grand jury] from disclosure of the fact that he has been under investigation, and from the expense of standing trial when there was no probability of guilt. *In re Grand Jury Subpoena*, 103 F. 3d 234, 237 (2d Cir. 1996). None of those reasons justifies continued grand jury secrecy.

Indeed, as Judge Furman himself recognized in *Vazquez v. City of New York*, 2013 WL 2449181, at *2, when a former criminal defendant is suing for malicious prosecution after trial, the "only policy concern motivating secrecy is a desire to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes. This interest standing alone is almost never sufficient to overcome a need for disclosure generated by the need to avoid a possible injustice….It is even less compelling where, as in this case, the cat is already out of the bag in the sense that the grand jury transcripts are already in Plaintiff's possession." The Government undoubtedly wishes to protect Deutsche Bank, its investigatory partner and principal cooperator, from Mr. Connolly's lawsuit, and so might rely on this singular justification for continued secrecy. But this court does not have any interest in giving Deutsche Bank any unfair advantage in the civil action now that Mr. Connolly has been cleared of any criminal activity. I express no opinion whatsoever on the merits of Deutsche Bank's motion or Mr. Connolly's opposition thereto; Judge Furman will decide that.

I am, therefore, not at all inclined to participate in what Mr. Connolly undoubtedly perceives as the Government's continued persecution of him by ordering him to certify that he has destroyed the grand jury materials he gave to his new attorneys. Fortunately, the Government has not gone so far as to ask for any other relief, such as holding Mr. Connolly in contempt of court for violating the protective order or sanctioning his new attorneys for using this material in their civil case. In the circumstances, this court would never grant such relief.

While I can think of no reason why I should not simply grant the request of Mr. Connolly's civil counsel in their latest letter (Dkt. # 488) and deem the protective order dissolved insofar as it pertains to any and all materials that were provided to the grand jury, I do believe that I should give the Government an opportunity to make a particularized showing about why any of those grand jury materials should remain subject to the protective order.[5]

I will, therefore, give the Government ten business days from today (i.e., until March 14, 2023), to identify any grand jury material that is presently subject to the protective order and that the Government believes should remain confidential. Absent such a showing, so much of the protective order as relates to the grand jury materials will dissolve, by terms of this order, at the close of business on March 15, 2023. If the Government identifies anything that it believes should remain subject to a protective order, Mr. Connolly (or for that matter Mr. Black, if he wishes to be heard on this subject) will have ten business days to submit reasons why the Government's application for continued protection should be denied. No reply papers from the Government will be accepted.

---

[5]  The Government had asked that I require Mr. Connolly to make a particularized showing, pursuant to Fed. R. Crim. P. 6(e)(3)(E) about why he needed to use specific grand jury material sin his civil case (Dkt. # 486). But that section relates only to motions to dismiss the indictment prior to trial – not to civil actions after the Court of Appeals has directed that the indictment be dismissed on the ground that no crime was committed.

The Government's particularized showing, and any response thereto, may be filed under temporary seal, until such time as the Court has an opportunity to review the selected testimony and documents and rule on the merits of the Government's application.

This constitutes the written decision and order of the court.

Dated: February 28, 2023

_____
Colleen McMahon
United States District Court Judge


THIS DECISION AND ORDER IS TO BE DOCKET ON ECF IN BOTH:

*United States v. Connolly & Black*, 16-cr-370 (CM) (S.D.N.Y.) and
*Connolly v. Deutsche Bank AG*, 22-cv-9811 (JMF) (S.D.N.Y.).