

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

March 10, 2023

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

The Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: <u>Protective Order in *United States v. Connolly, et al.*, No. 16-cr-370-CM</u>

Dear Judges McMahon & Furman:

      The government writes per the Court's Order of February 28, 2023, *filed as* ECF No. 489 in *United States v. Connolly, et al.*, No. 16-cr-370-CM (S.D.N.Y.), and ECF No. 34 in *Connolly v. Deutsche Bank AG*, No. 22-cv-9811-JMF (S.D.N.Y.), in which the Court directed the government to make a particularized showing as to why the grand jury materials in question should remain subject to the protective order.

      While the government believes that there are important policy reasons to maintain the secrecy of the grand jury transcripts at issue, the analysis contained in the Court's order of February 28 leads the government to conclude that such arguments will not be persuasive. However, the government respectfully moves the Court to clarify that Mr. Connolly is entitled to use the grand jury transcript in his civil case because he has made the requisite showing under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), while leaving the protective order intact because Mr. Connolly has not met the Second Circuit's standard for modifying a protective order and because modifications to the protective order will frustrate the government's ability to obtain sensitive documents in criminal investigations.

      The grand jury materials at issue here were produced to the defendants in the criminal case under a different provision of Rule 6(e). The production was made

subsequent to a *Kastigar*-related motion (*see* ECF No. 142 at 23-24)[1] under Rule 6(e)(3)(E)(ii), which, as the Court noted in its February 28 Order (ECF No. 489 at 5 n.5), permits "disclosure—at a time, in a manner, and subject to any other conditions that [the Court] directs—of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii) (emphasis added). The grand jury materials were then used by both sides for the *Kastigar* and other motions.

But, the government respectfully submits, the grand jury materials were not made public before, during, or after trial. Indeed, during the course of those motions, the Court made clear on several occasions that the grand jury materials were to remain concealed except as to the parties. During hearings on both December 13, 2017, and December 14, 2017, for example, the Court cleared and sealed the courtroom when the grand jury materials were displayed. Hr'g Tr. 3:9-11 (Dec. 13, 2017) ("If we're going to talk about grand jury material, obviously we're going to have to do that in a closed courtroom."), ECF No. 187; *id.* 16-20 (sealing courtroom); Hr'g Tr. 29-30 (Dec. 14, 2017) (sealing courtroom to display Special Agent Weeks' grand jury testimony), ECF No. 179. The Court also filed the portions of its rulings on post-trial motions containing grand jury material under seal. ECF No. 434 ("Simultaneously with the entry of this order, the court is posting on ECF redacted versions of decisions denying all post-trial motions. The redactions relate to grand jury testimony and to material filed under seal.").

All that said, a separate provision of the rule—the previously mentioned Rule 6(e)(3)(E)(i)—provides Mr. Connolly a vehicle to obtain grand jury materials "preliminarily to or in connection with a judicial proceeding." "Indeed, recognition of the occasional need for litigants to have access to grand jury transcripts led to the provision in [Rule 6(e)(3)(E)(i), formerly Rule 6(e)(2)(C)(i)] that disclosure of grand jury transcripts may be made 'when so directed by a court preliminarily to or in connection with a judicial proceeding.'" *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 220 (1979).

Although Mr. Connolly did not file a petition under that provision prior to giving the grand jury materials to his Civil Counsel for use in the "judicial proceeding" before Judge Furman, it is apparent from the Court's February 28 Order that the Court believes he has shown a particularized need that outweighs the need for grand jury secrecy. ECF No. 489 at 3-4. Therefore, a ruling by the Court under Rule 6(e)(3)(E)(i) obviates the need to modify the protective order in any way.

Moreover, Mr. Connolly has not met the high burden required to modify the protective order. As the Court knows, "[p]ursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, 'the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.' The standard of review for a request to vacate or modify a protective order depends on the nature of the documents in question."

---

[1] Unless otherwise noted, ECF numbers cited in this letter refer to the docket in *United States v. Connolly*, No. 16-cr-370-CM (S.D.N.Y.).

*United States v. Kerik*, No. 07-cr-1027-LAP, 2014 WL 12710346, at *1 (S.D.N.Y. 2014). "Instead, there is 'a general and strong presumption *against access* to documents sealed under protective order when there was reasonable reliance upon such an order,' and it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *Id.* (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230, 231 (2d Cir. 2001)) (emphasis in original). Here, Mr. Connolly cannot show "good cause" because, as described above, he has an alternate vehicle for lawfully possessing and using the grand jury materials—Rule 6(e)(3)(E)(i)—that the Court has already effectively ruled on in his favor.

On the other side of the ledger, the government relies upon protective orders heavily. Criminal (and civil) investigations frequently involve obtaining sensitive information from third parties. The knowledge that sensitive information will be governed by a protective order makes third parties more forthcoming with their productions and results in less subpoena litigation. While there is not evidence that Mr. Connolly used third party information in violation of the protective order, amending a protective order that Mr. Connolly himself violated would signal to third party custodians that protective orders are not a reliable bar to public disclosure or misuse.

The government's position in this case is not unique and has been taken in numerous cases—whether the underlying criminal case resulted in a conviction or acquittal. *See, e.g.*, *United States v. Lischewski*, No. 18-cr-203-EMC (N.D. Cal.), ECF No. 717 (Feb. 24, 2023) (the government opposing, after conviction, the defendant's attempt to use grand jury material obtained in criminal discovery in a civil case in violation of the protective order); *United States v. Ramchandani*, No. 17-cr-19-RMB (S.D.N.Y.), ECF No. 245 (Aug. 21, 2020) (the government opposing, after acquittal, the defendant's attempt to retain material obtained in criminal discovery for use in a civil case in violation of the protective order).

In conclusion, the government respectfully submits that the Court permit Mr. Connolly to have the grand jury documents pursuant to Rule 6(e)(3)(E)(i) and not amend the protective order.

Respectfully Submitted,

 /s/ Michael T. Koenig
Michael T. Koenig
Senior Litigation Counsel
Antitrust Division
United States Department of Justice
Tel: (202) 476-0435
Email: Michael.Koenig@usdoj.gov