UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
MATTHEW CONNOLLY, :
:
Plaintiff, :
: 22-CV-9811 (JMF)
-v- :
: MEMORANDUM OPINION
DEUTSCHE BANK AG, : AND ORDER
:
Defendant. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  Plaintiff Matthew Connolly, a former employee of Defendant Deutsche Bank AG ("Deutsche Bank"), was arrested and prosecuted for illegal manipulation of the London Interbank Offered Rate, more commonly known as LIBOR, a prominent benchmark interest rate. In 2019, a jury convicted Connolly of conspiracy to commit wire and bank fraud and substantive wire fraud, but the Second Circuit reversed the convictions on sufficiency-of-the-evidence grounds in January 2022. *See United States v. Connolly*, 24 F.4th 821 (2d Cir. 2022). Thereafter, Connolly brought this lawsuit against Deutsche Bank alleging malicious prosecution. In brief, he alleges that the Government effectively outsourced its investigation to Deutsche Bank — an allegation with which Connolly's criminal trial judge agreed, *see* ECF No. 23 ("FAC"), ¶ 49 — and that Deutsche Bank, in an effort to avoid prosecution and insulate top executives, served Connolly up as a scapegoat by making intentionally false or misleading representations (or omissions) at his expense. *See, e.g.*, *id.* ¶¶ 45-107. Deutsche Bank now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss.

  Upon review of the parties' motion papers, Deutsche Bank's motion is denied. For starters, there is no merit to Deutsche Bank's contention that Connolly's Complaint is subject to

the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *See* ECF No. 42 ("Def.'s Mem."), at 8-9, 15, 19.  Deutsche Bank does not cite, and the Court has not found, any authority supporting the proposition that Rule 9(b) applies to a malicious prosecution claim like Connolly's.  To the contrary, "Rule 9(b) applies only 'where the gravamen of the claim sounds in fraud.'"  *Irvine v. Kate Spade & Co.*, No. 16-CV-7300 (JMF), 2017 WL 4326538, at *2 (S.D.N.Y. Sept. 28, 2017) (citations omitted); *see also Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (holding that where a cause of action "extends well beyond common-law fraud" and "does not require proof of the same essential elements . . . as common-law fraud," Rule 9(b) is inapplicable).  And Connolly's claim does not sound in fraud.  Among other things, he does not allege that Deutsche Bank's purportedly false or misleading representations and omissions "were offered to deceive [*him*] or that [*he*] relied on these representations."  *Del Col v. Rice*, No. 11-CV-5138 (MKB), 2013 WL 4052867, at *8 (E.D.N.Y. Aug. 12, 2013) (quoting *Monaco v. Carpinello*, No. 98-CV-3386, 2004 WL 3090598, at *9 (E.D.N.Y. July 22, 2004)); *see id.* (declining to apply Rule 9(b) where the alleged fraudulent representation was made to third parties, not the plaintiffs).  Accordingly, the Court rejects Deutsche Bank's novel argument that Rule 9(b) should be applied.

Applying the Rule 8 standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and its progeny, the Court has little trouble denying Deutsche Bank's motion.  Put simply, Deutsche Bank's arguments are premised on factual disputes that cannot be resolved at this stage of the litigation.  That is, assuming the truth of Connolly's allegations and drawing all reasonable inferences in his favor, as the Court must, he alleges a plausible claim of malicious prosecution against Deutsche Bank.  *See, e.g.*, *Ziming Shen v. City of New York*, 725 F. App'x 7, 14-15 (2d Cir. 2018) (reversing dismissal of a

malicious prosecution claim against a private citizen where the plaintiff alleged that the defendant had "provide[d] false information to law enforcement"); *Ramchandani v. Citigroup, Inc.*, No. 19-CV-9124 (VM), 2021 WL 930627, at *6-9 (S.D.N.Y. Mar. 11, 2021) (denying a motion to dismiss a malicious prosecution claim based on factual allegations substantially similar to those here). To be sure, as Judge Marrero's later opinion granting summary judgment to the defendants in *Ramchandani* makes plain, *see* ECF No. 48-1, Connolly has some "large hurdle[s] to jump" in order to prevail on his claim, *id.* at 41, given, among other things, the Government's role in bringing the charges against him, his indictment by a grand jury, his conviction by a petit jury, and the trial judge's denial of his motion to vacate the conviction, *see* Def.'s Mem. 8-21. But his allegations, taken as true, are sufficient to survive Deutsche Bank's motion to dismiss.

For the foregoing reasons, Deutsche Bank's motion must be and is DENIED. Unless and until the Court orders otherwise, Deutsche Bank shall file its Answer within **two weeks** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). In addition, the initial pretrial conference is hereby RESCHEDULED for **December 5, 2023**, at **9:00 a.m.** The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan. *See* ECF No. 8.

The Clerk of Court is directed to terminate ECF No. 41.

SO ORDERED.

Dated: October 31, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge