

Simpson Thacher & Bartlett LLP

November 30, 2023

**By CM/ECF**
Hon. Jesse M. Furman, U.S.D.J.
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    <u>Matthew Connolly v. Deutsche Bank AG, No. 22-CV-09811-JMF</u>

Dear Judge Furman:

In accordance with Your Honor's Order dated October 31, 2023 (ECF No. 49), counsel for plaintiff Matthew Connolly ("Connolly"), Harris, St. Laurent & Wechsler LLP, together with counsel for the defendant, Deutsche Bank AG ("Deutsche Bank"), Simpson Thacher & Bartlett LLP ("Simpson Thacher"), write jointly on behalf of Connolly and Deutsche Bank ("the Parties") to provide the following information:

    **1.**    **Statement of the Parties Regarding the Necessity of the Initial Pretrial Conference**

The Parties have conferred and do not separately require an Initial Pretrial Conference. Should the Court still wish to proceed on December 5 at 9:00 AM ET via teleconference, the Parties remain available.

    **2.**    **Nature of the Action**

*Plaintiff's position*: In this action, Connolly asserts a claim against his former employer Deutsche Bank for malicious prosecution of a criminal case brought against him for alleged manipulation of Deutsche Bank's LIBOR submissions. Connolly alleges that Deutsche Bank steered the prosecution toward him by providing the government with false and misleading information (and omissions) both during the investigation—which the government effectively outsourced to Deutsche Bank—and during trial. Connolly claims that Deutsche Bank maliciously prosecuted him to deflect the government's attention from its top executives. The Second Circuit exonerated Connolly of any wrongdoing.

*Defendant's position:* Deutsche Bank maintains that plaintiff's claim is meritless because, among other reasons, (1) the U.S. government, not defendant initiated plaintiff's prosecution, (2) there was no lack of probable cause to believe plaintiff committed a crime at the time of his prosecution and conviction (the Second Circuit subsequently reversed the conviction based on its interpretation of the law), and (3) in any event, Deutsche Bank did not act with malice.

Defendant filed a motion to dismiss plaintiff's Amended Complaint on April 3, 2023. Dkt. 41. Your Honor denied the motion on October 31, 2023 stating that while plaintiff's "allegations, taken as true, are sufficient to survive [Defendant's] motion to dismiss," plaintiff "has some 'large hurdle[s] to jump' in order to prevail on his claim, given, among other things, the Government's role in bringing the charges against him, his indictment by a grand jury, his conviction by a petit jury, and the trial judge's denial of his motion to vacate the conviction." Dkt. 49 at 3 (internal citation omitted).

### 3.    Statement of Jurisdiction and Venue

The Parties agree that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1) and/or § 1332(a)(2) because complete diversity of citizenship exists between the Parties and the Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. Connolly asserts he is an individual residing in New Jersey and Deutsche Bank asserts it is a multinational corporation headquartered in Frankfurt and organized and existing under the laws of Germany. The Parties do not contest venue pursuant to 28 U.S.C. § 1391(b)(2).

### 4.    Existing Deadlines

As of the date of this letter, there are no existing deadlines, due dates, and/or cut-off dates. A proposed Case Management Plan and Scheduling Order is being submitted herewith, and the initial pretrial conference is scheduled for December 5, 2023 at 9:00 a.m. As described above, the Parties have conferred and do not separately require an Initial Pretrial Conference. Should the Court still wish to proceed on December 5, the Parties remain available.

### 5.    Outstanding Motions

There are no outstanding motions.

### 6.    Completed Discovery

No discovery has taken place to date. The Parties do not believe that any discovery is necessary for the Parties to engage in settlement negotiations.

### 7.    Prior Settlement Discussions

In September 2022, prior to litigation, Connolly approached Deutsche Bank to propose settlement by email and phone. There have been no other settlement discussions.

### 8.    Use of Alternate Dispute Resolution Mechanisms

*Plaintiff's position:* Connolly believes a settlement conference before a Magistrate Judge would be appropriate within the next sixty days. Connolly is also willing to proceed with a private mediator.

*Defendant's position:* The Parties have discussed the use of alternate dispute resolution mechanisms and have not agreed to go forward with any at this time.

### 9. Other Information

The Parties request an extended discovery schedule, as reflected in Exhibit A. Plaintiff's allegations on their face cover at least a seven-year period from 2005 to 2012, Dkt. 24 ¶ 45, pertain to a sprawling, multi-jurisdictional government investigation that included a review of "158 million electronic documents . . . 850,000 audio files . . . nearly 200 interviews . . . and . . . hundreds of communications with the government," involve materials that are, in many cases, more than a decade old, and could implicate information covered by the attorney client privilege, data protection statutes, among other things. All of this could make discovery more complicated and time intensive. The Court has broad discretion to consider such factors in defining discovery timelines. *See, e.g., In re Buspirone Patent Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002) ("The timing and sequence of discovery is a matter over which courts have broad discretion."). While it remains Deutsche Bank's position that targeted and focused discovery is the most effective and efficient here, Deutsche Bank expects identifying, collecting, and producing potentially relevant information may require additional time.

The parties do not believe there is any other information that may assist the Court in advancing the case to settlement or trial.

\* \* \*

Should Your Honor require any additional information at this time, please let us know. We thank the Court for its consideration of this matter.

Respectfully submitted,

_____/s/_____  
Jonathan Harris  
Harris St. Laurent and Wechsler  
Counsel for Plaintiff

_____/s/_____  
Jonathan K. Youngwood  
Simpson Thacher & Bartlett LLP  
Counsel for Defendant