UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW CONNOLLY, | 22-CV-09811 (JMF) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| DEUTSCHE BANK AG, | |
| Defendant. | |

WHEREAS, Plaintiff Matthew Connolly and Defendant Deutsche Bank AG (together, "the Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and

WHEREAS, the Parties have contemplated consolidating discovery, in whole or in part, for purposes of efficiency, with the action captioned *Gavin Campbell Black v. Deutsche Bank AG, et al.*, pending in the Supreme Court of the State of New York, County of New York, Index No. 150762/2023 (the "Black Action"), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.      Counsel for any Party may designate any document or information, in whole or in part, as Highly Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information the disclosure of which could be detrimental to the conduct of that party's business, or the business of that party's customers or clients, or otherwise create a substantial risk of serious harm that could not be avoided by less restrictive means ("Highly Confidential Information"). Information and documents designated by a Party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

3.      The Confidential and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4.      Notwithstanding Paragraph 3, the Confidential and Highly Confidential Information disclosed may also be disclosed in accordance with Paragraphs 6(g) and 7(g) and used by the parties in the Black Action in connection with the Black Action provided that the receiving party from the Black Action has:

   a. been bound to this Protective Order by the Court or executed the Agreement attached hereto as Exhibit A; and

   b. agreed to a joint deposition protocol with the Parties for depositions to be taken in the above-captioned action and the Black Action.

5.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential or Highly Confidential Information disclosed in this

case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of the Confidential and Highly Confidential Information.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting Party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants, experts, or contractors assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, whether or not retained, including those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. Stenographers and/or videographers engaged to record depositions conducted in this action;

   f. Actual or potential witnesses at deposition or trial to whom disclosure is reasonably necessary, whether or not called to testify;

   g. The parties and their respective counsel (and such counsel's employees, consultants, experts, or contractors) in the Black Action upon satisfaction of the requirements of Paragraph 4; and

   h. Other persons only by written consent of the producing Party.

7. Documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

a. The requesting Party's counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants, experts, or contractors assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, whether or not retained, including those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

d. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court);

e. Stenographers and/or videographers engaged to record depositions conducted in this action;

f. Actual or potential witnesses at deposition or trial to whom disclosure is reasonably necessary, whether or not called to testify;

g. The parties' respective counsel (and such counsel's employees, consultants, experts, or contractors) in the Black Action upon satisfaction of the requirements of Paragraph 4; and

h. Other persons only by written consent of the producing Party.

8. Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation, or the Black Action

4

upon satisfaction of the requirements of Paragraph 4, and has enjoined the disclosure of the information or documents to any other person; and

c. With respect to the persons set forth in Paragraphs 6(c), (f), (g), and (h) and Paragraphs 7(c), (f), (g), and (h), require each such person to be bound by this Protective Order or sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential or Highly Confidential Information subject to all the terms of this Order.

10. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft, and any such information identified under Rule 5.2(a) of the Federal Rules of Civil Procedure) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that any such documents or information shall be filed with the Court under seal or in redacted form. The Parties shall follow the Court's procedures for requests for filing under seal or in redacted form.

13. At the conclusion of the later of the above-captioned action or the Black Action, Confidential and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed.

14. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO ORDERED.

Dated: May 15, 2024
       New York, New York

                                                                         Jesse M. Furman
                                                              United States District Judge

This Order binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this Protective Order, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW CONNOLLY,<br><br>               Plaintiff,<br><br>   v.<br><br>DEUTSCHE BANK AG,<br><br>               Defendant. | Case No.: 1:22-cv-09811-JMF<br><br>**AGREEMENT** |

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with this action have been designated as confidential and/or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court. I agree that I will not disclose any information contained in such documents to any other person and at the conclusion of the later of this litigation or the action captioned *Gavin Campbell Black v. Deutsche Bank AG, et al*., pending in the Supreme Court of the State of New York, County of New York, Index No. 150762/2023, I will either return any such documents to the party or attorney from whom I received it or destroy such documents. I further agree not to use any such information for any purpose other than this litigation or as otherwise permitted by the Protective Order entered in the above-captioned action.

Dated: _____, 20__

_____        _____
Name (printed)                                                     Signature

Signed in the presence of:

_____
(Attorney)